UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| UNITED STATES OF AMERICA, | No. 17-50414, 17-50415 |
|---|---|
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:16-cr-02358-MMA-1 |
| | 3:12-cr-03690-MMA-1 |
| EDUARDO DUFFY, | Southern District of California, |
| | San Diego |
| Defendant-Appellant. | |
| | ORDER AMENDING |
| | MEMORANDUM AND |
| | DENYING PETITION FOR |
| | REHEARING AND PETITION |
| | FOR REHEARING EN BANC |

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and KORMAN,[*] District Judge.

The unpublished memorandum disposition filed on February 14, 2019 and available at *United States v. Duffy*, 752 F. App'x 532 (9th Cir. 2019) is amended. The superseding amended memorandum disposition will be filed concurrently with this order.

With the memorandum disposition so amended, the panel has voted to deny appellant's petition for panel rehearing. Judge Callahan voted to deny the petition for rehearing en banc and Judges Nelson and Korman so recommended.

---

[*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it. Fed. R. App. P. 35.

The petition for rehearing and petition for rehearing en banc are **DENIED**. No further petitions for rehearing by the panel or en banc will be entertained.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50414 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02358-MMA-1 |
| v. | |
| EDUARDO DUFFY, | AMENDED MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50415 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-03690-MMA-1 |
| v. | |
| EDUARDO DUFFY, AKA Eduardo Duffy-Carrasco, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted February 12, 2019**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and KORMAN,[***] District Judge.

Eduardo Duffy, a citizen of Mexico, appeals his conviction, following a jury trial, for illegal reentry after deportation in violation of 8 U.S.C. § 1326 and the revocation of his supervised release based on the illegal reentry conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Duffy argues that his underlying removal order based on his California Penal Code (CPC) § 211 conviction was invalid because CPC § 211 is not an aggravated felony under 8 U.S.C. § 1101(a)(43). This argument is foreclosed by our recent decision in *United States v. Martinez-Hernandez*, 912 F.3d 1207 (9th Cir. 2019), which held that CPC § 211 is an aggravated felony because it qualifies as a categorical generic theft offense under 8 U.S.C. § 1101(a)(43)(G).

II

Duffy argues that his illegal reentry conviction was invalid because, following *Morales-Santana*, he was "convicted under a law classifying on an impermissible basis." *Sessions v. Morales-Santana*, — U.S. — , 137 S. Ct. 1678, 1699 n.24 (2017). Duffy does not argue that the provisions declared

---

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

unconstitutional in *Morales-Santana* apply to him; rather, he sets forth a facial equal protection challenge to 8 U.S.C. § 1326 under the Fifth Amendment's Due Process Clause.

"We review questions regarding the constitutionality of a statute de novo." *See United States v. Bynum*, 327 F.3d 986, 990 (9th Cir. 2003).

In *Morales-Santana*, the Supreme Court held that "[t]he gender-based distinction infecting §§ 1401(a)(7) and 1409(a) and (c) . . . violates the equal protection principle" implicit in the Fifth Amendment's Due Process Clause. *Morales-Santana*, 137 S. Ct. at 1700–01. Rather than striking the entire statute, the Supreme Court struck down only the one-year physical-presence exception for unwed U.S.-citizen mothers and held that, going forward, 8 U.S.C. § 1401(a)(7)'s five-year requirement for unwed U.S.-citizen fathers "should apply, prospectively, to children born to unwed U.S.-citizen mothers." *Id.* at 1701. Duffy's facial equal protection challenge rests upon the gender-based distinction in §§ 1401(a)(7) and 1409(a) and (c) held invalid by *Morales-Santana*.

The severability clause in the Immigration and Nationality Act ("INA") dictates that the remainder of 8 U.S.C. §§ 1401 and 1409 was not affected by *Morales-Santana*. *See* 8 U.S.C. § 1101 note ("If any provision of this title . . . is held invalid, the remainder of the title . . . shall not be affected thereby."); *see also I.N.S. v. Chadha*, 462 U.S. 919, 931–32 (1993) (declaring the veto clause of 8

3

U.S.C. § 1254(c)(2) unconstitutional, but holding that the severability clause in 8 U.S.C. § 1101 "plainly authorized the presumption" that the remainder of the INA stands. Duffy was properly convicted under 8 U.S.C. § 1326, which incorporates definitions of "alien" and "citizen" that were not affected by *Morales-Santana*. Thus, Duffy was not "convicted under a law classifying on an impermissible basis." *Cf. Morales-Santana*, 137 S. Ct. at 1699 n.24.

## III

Duffy, who was born out of wedlock, argues that § 1409(a)'s requirement that he show a blood relationship with his father violates the equal protection principle because the same requirement is not imposed upon children who were born in wedlock. 8 U.S.C. § 1409(a) (1952); *United States v. Marguet-Pillado*, 560 F.3d 1078, 1082 (9th Cir. 2009).

When evaluating the constitutionality of citizenship definitions that discriminate on the basis of parents' marital status, we apply intermediate scrutiny to determine whether the distinctions are "substantially related" to "an important governmental objective." *Morales-Santana*, 137 S. Ct. at 1690, 1700 n.25. We are bound by *Tuan Ahn Ngyuen* to reject Duffy's challenge. *Tuan Ahn Ngyuen v. I.N.S.*, 533 U.S. 53 (2001). In *Tuan Ahn Ngyuen*, the Supreme Court held that the requirements that the current version of § 1409 imposes on a child born out of wedlock, which include the requirement to establish a blood relationship with her

4

father, do not violate the equal protection principle because the requirements serve two important governmental interests: 1) to ensure that a biological parent-child relationship exists and 2) to ensure that the child and the citizen parent have an opportunity to develop a relationship with each other and to the United States. *Tuan Anh Nguyen*, 533 U.S. at 62–66; *see also Miller v. Albright*, 523 U.S. 420, 436–38 (1998); *Fiallo v. Bell*, 430 U.S. 787, 799 (1977). The Supreme Court then concluded that the means employed by Congress were "substantially related to the achievement of" the important governmental objectives. *Tuan Anh Ngyuen*, 533 U.S at 70.

We affirm Duffy's illegal reentry conviction and the subsequent revocation of supervised release.

**AFFIRMED.**